IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KYLE RAMSTETTER; | ) | Case No. 1:23-cr-27-RDA |
| | ) | |
| CHRISTIAN KIRSCHNER; | ) | Case No. 1:23-cr-36-RDA |
| | ) | |
| Defendants. | ) | |

**UNOPPOSED MOTION TO DISMISS**

The United States of America, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Russell L. Carlberg, Heidi B. Gesch, and Kenneth R. Simon, Jr., Assistant United States Attorneys, respectfully move this Honorable Court pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss the criminal informations filed in these two cases and to vacate the guilty pleas of defendants Christian Kirschner and Kyle Ramstetter. A proposed order accompanies each motion.

## I.      BACKGROUND

Following allegations of a kickback scheme involving Amazon Web Services employees and their associates in the Eastern District of Virginia, the government opened an investigation to assess whether the scheme constituted honest services wire fraud and conspiracy in violation of 18 U.S.C. §§ 1343, 1346, 1349.[1]

---

[1]      Amazon has filed related civil litigation in this Court. *See Amazon.com, Inc. v. WDC Holdings LLC, d/b/a Northstar Commercial Partners, et al.*, Case No. 1:20-cv-484-RDA. This Court subsequently dismissed Amazon's civil claims, Dkt. No. 1376 (Memorandum Order and

As a result of that investigation, on March 8, 2023, the government filed a criminal information against Christian Kirschner, charging him with Conspiracy to Commit Honest Services Wire Fraud, in violation of 18 U.S.C. § 1349.  *See United States v. Christian Vance Kirschner*, Dkt. No. 8, 1:23-cr-36-RDA.  Kirschner pleaded guilty with an accompanying plea agreement and statement of facts before this Court on the same day.  Dkt. Nos. 9-11.  The Court accepted Kirschner's guilty plea.

On March 8, 2023, the government also filed a criminal information against Kyle Ramstetter, charging him with Conspiracy to Commit Honest Services Wire Fraud, in violation of 18 U.S.C. § 1349.  *See United States v. Kyle Ramstetter*, Dkt. No. 8, 1:23-cr-27-RDA.  Ramstetter pleaded guilty with an accompanying plea agreement and statement of facts before this Court on the same day.  Dkt. Nos. 9-11.  The Court accepted Ramstetter's guilty plea.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 48 provides, in relevant part, that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint."  Fed. R. Crim. P. 48(a).  The government may move to dismiss an indictment even after a defendant has entered a guilty plea.  *United States v. Smith*, 55 F.3d 157, 160 (4th Cir. 1995) (reversing denial of government's motion to dismiss where government sought to dismiss indictment against cooperating defendant after his four coconspirators were acquitted at trial); *see United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009) ("[I]t is well established that the government may move to dismiss even after a complaint has turned into a conviction because of a guilty plea.").  A Rule 48 motion is an "an adequate alternative remedy" to a writ of mandamus in the post-guilty plea context.  *See In re Flynn*, 973 F.3d 74, 79 (D.C. Circuit 2020) ("Here, Petitioner and

---

Opinion, filed April 6, 2023), and the matter is presently on appeal to the United States Court of Appeals for the Fourth Circuit.

the Government have an adequate alternate means of relief with respect to both the Rule 48(a)

motion").

Where a Rule 48 motion is filed, "the trial court has little discretion." *United States v.*

*Perate*, 719 F.2d 706, 710 (4ᵗʰ Cir. 1983).   Rather, "[i]t must grant the motion absent a finding

of bad faith or disservice to the public interest." *Id. see also United States v. Goodson*, 204 F.3d

508, 512 (4th Cir. 2000).  Dismissals under Rule 48(a) are generally without prejudice*. See, e.g.*,

*United States v. W.R. Grace*, 429 F.Supp.2d 1207, 1246–47 (D. Mont. 2006) ("Dismissal under

Rule 48(a) is without prejudice unless the court finds that the dismissal is sought for some

improper purpose.").  Even if the dismissal is made under Rule 48(b), dismissal with prejudice is

only available where the government's violation of the Court's scheduling orders "caused

prejudice to the defendant or posed a substantial threat thereof." *Goodson*, 204 F.3d at 514.

### III.    ARGUMENT

Prosecution of these cases is not in the best interests of justice.  At this time, the

government has declined to prosecute other alleged coconspirators in this scheme.  Because

Ramstetter and Kirschner had comparatively minimal involvement in the larger scheme,

dismissing charges against them is in the best interests of justice.  Therefore, the government

requests leave of Court pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to

dismiss the criminal information in each case and to vacate the guilty pleas in these matters.

### IV.    CONCLUSION

For the foregoing reasons, we request that the Court grant this Motion, and provide the

government leave to dismiss the criminal information in each above-captioned case without

prejudice. This position has been communicated to counsel for both defendants; they have no

opposition to the government's motion.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:               /s/
               Russell L. Carlberg
               Heidi B. Gesch
               Kenneth R. Simon., Jr.
               Assistant United States Attorneys
               United States Attorney's Office
               2100 Jamieson Avenue
               Alexandria, VA 22314
               Tel: (703)-299-3868
               FAX: (703)-299-3980
               Email:  Russell.L.Carlberg@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2024, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

A copy has also been sent via email to:

Rachael Meyer
United States Probation Officer
Rachael_Meyer@vaep.uscourts.gov

Russell L. Carlberg
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3868
Facsimile: (703) 299-3980
Email: Russell.L.Carlberg@usdoj.gov