IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTIAN VANCE KIRSCHNER;<br><br>Defendant. | Case No. 1:23-cr-36-RDA |

## IPI PARTNERS, LLC'S MOTION FOR LEAVE TO FILE A VICTIM STATEMENT

IPI Partners, LLC ("IPI"), by and through its undersigned counsel, respectfully files this Motion for Leave to File a Victim Statement pursuant to Rule 60(a)(3) of the Federal Rules of Criminal Procedure. In support of this motion, IPI states as follows:

1. IPI is a victim of the kickback scheme involving B.W., W.C., C.N., C.H.K., R.A. Kyle Ramstetter, Christian Kirschner, and others. The U.S. Attorney's Office for the Eastern District of Virginia (the "Government") has specifically recognized IPI as a victim in this matter.

2. This Court previously accepted the criminal guilty plea of Christian Kirschner (the "Defendant") in connection with his role in this kickback scheme. A detailed statement of facts regarding the Defendant's involvement in the kickback scheme was sworn to by Mr. Kirschner and the Government and was accepted by this Court in connection with the guilty plea. *See United States v. Kirschner*, No. 1:23-cr-36-RDA, ECF Nos. 10, 11 (E.D.V.A. Mar. 8, 2023).

3. On January 10, 2024, the Government moved to dismiss the criminal information filed against the Defendant and withdraw his guilty plea. *See United States v. Kirschner*, 1:23-cr-36-RDA, ECF No. 23 (E.D.V.A. Jan. 10, 2024).

4. The Government's motion represents that it is moving to withdraw the plea because "the government has declined to prosecute other alleged coconspirators in this scheme" and "Ramstetter and Kirschner had comparatively minimal involvement in the larger scheme." *See United States v. Kirschner*, 1:23-cr-36-RDA, ECF No. 23 at 3.

5. The Government does not assert that the plea and the statement of facts are no longer factually supported or that it has learned new information that contradicts the facts underlying the plea. To the contrary, the Government's motion directly acknowledges the existence of a "larger scheme." Because the Government has decided not to prosecute the individuals involved in the "larger scheme," whose initials are referenced in the statement of facts and criminal information accompanying the initial plea, it asks this Court to vacate the Defendant's guilty plea.

6. Rule 60(a)(3) provides that the "court must permit a victim to be reasonably heard at any public proceeding in the district court concerning release, plea, or sentencing involving the crime." Fed. R. Crim. P. 60(a)(3).

7. In accordance with Rule 60(a)(3), IPI respectfully requests the Court's leave to file a victim statement.

8. In addition, should the Court hold a hearing on the Government's motion, IPI requests the opportunity to have notice of, and be heard at, the hearing.

9. Absent the Court granting the relief sought, IPI, as a victim of the underlying criminal scheme, will be denied its statutory right to be heard on the harm caused by this scheme.

10.     For the foregoing reasons, IPI respectfully requests the Court's leave to file a victim statement.

Dated:  January 11, 2024                    Respectfully submitted,


*/s/ Charles F. Connolly*
Charles F. Connolly
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street NW
Washington, DC  20006
telephone: (202) 887-4000
cconnolly@akingump.com

*Counsel for IPI Partners, LLC*

**CERTIFICATE OF SERVICE**

I certify that on January 11, 2024, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Charles F. Connolly*
Charles F. Connolly